UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO. 11-89-GWU


JOE CRESS,                                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.


**INTRODUCTION**

Joe Cress brought this action to obtain judicial review of an administrative

decision on his applications for Disability Insurance Benefit and for Supplemental

Security Income.   The case is before the court on cross-motions for summary

judgment.

**APPLICABLE LAW**

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.      Is the claimant currently engaged in substantial gainful activity?
        If so, the claimant is not disabled and the claim is denied.

2.      If the claimant is not currently engaged in substantial gainful
        activity, does he have any "severe" impairment or combination
        of impairments--i.e., any impairments significantly limiting his
        physical or mental ability to do basic work activities?  If not, a
        finding of non-disability is made and the claim is denied.

1

11-89  Joe Cress

    3.       The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

    4.       At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

    5.       If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

2

11-89  Joe Cress

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

3

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ."
Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).   If this non-exertional
impairment is significant, the Commissioner may still use the rules as a framework
for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);
however, merely using the term "framework" in the text of the decision is insufficient,
if a fair reading of the record reveals that the agency relied entirely on the grid. Id.
In such cases, the agency may be required to consult a vocational specialist.
Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial
evidence to support the Commissioner's decision may be produced through reliance
on this expert testimony only if the hypothetical question given to the expert
accurately portrays the plaintiff's physical and mental impairments.   Varley v.
Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Cress, a 44-year-old
former heating and air conditioning company laborer with a high school education,
suffered from impairments related to degenerative disc disease in the lower spine
caused by a congenital fusion at C4-C5 and residual effects of a calcaneal fracture
including pain and swelling in the left ankle.  (Tr. 47, 53).  While the plaintiff was
found to be unable to return to his past relevant work, the ALJ determined that he
retained the residual functional capacity to perform a restricted range of light level

work.  (Tr. 48, 53).  Since the available work was found to constitute a significant number of jobs In the national economy, the claimant could not be considered totally disabled.  (Tr. 53-54).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 54).

The hypothetical question presented to Vocational Expert Betty Hale included an exertional limitation to medium level work, restricted from a full range by such non-exertional restrictions as: (1) an inability to sit for more than a total of three hours a day but ability to stand or walk for remainder of the work day with the need for a sit/stand option; (2) an inability to ever use the left foot for repetitive motions; (3) an inability to more than occasionally bend; (4) an inability to ever squat, crawl, or climb; (5) a need to avoid all exposure to unprotected heights; and (6) an inability to have more than "moderate" exposure to moving machinery, marked changes in temperatures or humidity or driving automotive equipment.  (Tr. 83-84, 87-89).  In response, the witness identified a significant number of light level jobs which could still be performed, including  ticket taker, non-hazardous security and parking attendant.  (Tr. 87-89).  Therefore, assuming that the vocational factors considered by Hale fairly depicted the condition of Cress, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

11-89  Joe Cress

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment and deny that of the plaintiff.

In assessing the residual functional capacity of Cress, the ALJ relied heavily upon the opinion of Dr. Brian Harshman, an examining consultant. (Tr. 51). Dr. Harshman opined that the plaintiff would be able to sit, stand and walk for short periods of time, but would have limited tolerance for activities involving longer periods of standing or walking, bending over, heavy lifting and stooping. (Tr. 299). The hypothetical question was compatible with these somewhat vague restrictions.

Dr. Ronald Belhasen, a treating source, completed a Physical Capacities Evaluation Form upon which he indicated that Cress would be restricted from lifting more than 50 pounds occasionally and 10 pounds frequently. (Tr. 334). The plaintiff would be able to sit for a total of three hours a day, stand for a total of one hour a day and walk for a total of one hour a day. (Id.). Squatting, crawling and climbing were precluded while bending could be done occasionally. (Id.). The claimant would need to avoid all exposure to unprotected heights and could have only "moderate" exposure to moving machinery, marked changes in temperatures or humidity, and driving automotive equipment. (Id.). The ALJ indicated that she gave this opinion "great" weight but not "controlling" weight. (Tr. 51). The ALJ accepted all of the doctor's restrictions with the exception of those relating to

standing and walking.  (Id.).   The others were presented in the hypothetical question.

Cress asserts that the ALJ erred by failing to fully credit the opinion of Dr. Belhasen. The administrative regulations provide that the opinions of treating sources are generally entitled to greater weight than the opinions of other sources and if well-supported by sufficient medical evidence, entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2).  When rejecting the opinion of a treating source, the ALJ is required to give good reasons.  Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).  In the present action, the ALJ concluded that the medical record supported a finding that the plaintiff had a greater ability to stand and walk than found by the treating source.  (Id.).  The ALJ cited the findings of Dr. Harshman, who indicated that his physical examination revealed that the claimant was able to perform heel, toe and tandem walking as well as retaining normal motor strength in the lower extremities.  (Tr. 51, 298).  The court notes that Dr. Belhasen also found that Cress had no loss of motor strength.  (Tr. 257).  In November of 2009, the doctor reported that recent nerve conduction studies had revealed no sign of entrapment syndrome, lumbosacral radiculopathy, plexopathy or sign of neurological injury.  (Tr. 337).  Dr. Belhasen stated he had no explanation for the plaintiff's symptoms.  (Id.).  Dr. Thomas Karelis treated the claimant for his pain complaints and repeatedly found no sign of muscle atrophy in the extremities,

neuropathy or radicular signs.  (Tr. 319, 321, 323, 325, 327, 329, 341, 343, 345, 347, 349).  In May of 2009, Dr. Karelis reported that muscle strength was intact in all extremities.  (Tr. 332).  Therefore, under these circumstances, the court finds no error.

Dr. Allen Dawson reviewed the record and opined that Cress would be limited to medium level work, restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds, stoop, kneel, crouch or crawl and a need to avoid concentrated exposure to vibrations and moderate exposure to hazards.  (Tr. 310-318).  The ALJ's findings were essentially consistent with this opinion.

Dr. Robert Johnson examined Cress and noted a history of fractured calcaneus, a back injury with suspected radiculopathy and pain in the left thigh and left heel.  (Tr. 283).  Dr. Johnson indicated that the plaintiff should not return to his past relevant work.  (Tr. 284).  The doctor reported a number of physical limitations including: (1) an inability to walk more than 100 feet; (2) a need to avoid climbing, jumping, running  or operating foot-operated machinery on the left side; (3) a need to avoid hazardous surfaces and unprotected heights; (4) a maximum ability to lift up to 20 pounds and 10 to 15 pounds repetitively; (5) a need to avoid pulling, pushing, crawling, shoveling, twisting, and walking up inclines; (6) an inability to carry objects with both hands; and (7) a need to avoid squatting, twisting, or pivoting

9

on the knee.  (Id.).  The ALJ did not believe this opinion was entitled to full weight based on the aforementioned findings of normal lower extremity strength made in the record.  (Tr. 52).  The opinion was also offset by that of Dr. Harshman. Therefore, this opinion does not support the plaintiff's disability claim.

William Ellis performed a vocational evaluation and concluded that Cress was totally disabled.  (Tr. 293).  This disability opinion would be reserved to the Commissioner under the federal regulations. 20 C.F.R. § 404.1527(e)(1).  The ALJ also did not believe that this finding was supported by the medical record.  (Tr. 52). Therefore, this opinion does not support the plaintiff's disability claim.

Cress asserts that the ALJ erred by failing to properly consider the combined effects of his impairments.  The plaintiff fails to explain how the ALJ erred on this point.  Furthermore, the court has already concluded that the vocational factors considered by the vocational expert fairly depicted the claimant's condition.  Thus, the ALJ implicitly considered all relevant factors.  Therefore, the court must reject the argument of Cress.

Cress argues that his medical problems would prevent him from maintaining employment and, so, he could not meet the duration requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999).  However, in Gatliff, the record contained considerable evidence that the claimant would not be

11-89  Joe Cress

able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. <u>Gatliff</u>, 172 F.3d at 692. In the present action, Cress has not identified similar evidence suggesting that he would not be able to maintain employment. Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 13th day of December, 2011.

**Signed By:**

<u>**G. Wix Unthank**</u>

**United States Senior Judge**

11